IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                              )
                                    )
CATHY EVETTE ROBINSON               )     No. 05-12419
                                    )     Chapter 13
        Debtor                      )

MEMORANDUM

This case came to be heard on an objection to confirmation filed on behalf of Capital One. The issue for decision is whether the debtor's plan has been proposed in good faith within the meaning of 11 U.S.C. § 1325 (a)(3).

The debtor's plan proposes to pay for two late model vehicles, a 2005 Nissan Sentra and a 2005 Nissan Altima. On or about November 1, 2005, the debtor and her daughter purchased a 2005 Nissan Sentra from Mountain View Nissan in Chattanooga. The car was purchased for the debtor's daughter who is 23 years old. Both the debtor and her daughter signed the note on the car and both the name of the debtor and her daughter appear on the car title. The Nissan Sentra was financed by Capital One, and its lien is noted on the car title. Also, on or about November 1, 2005, the debtor purchased a 2005 Nissan Altima from Mountain View Nissan. The debtor's name appears on the car title and that car was financed by Household Automotive Finance.

The debtor agreed to assist her daughter in purchasing the Nissan Sentra based on her daughter's agreement to pay for the car. However, shortly after acquiring the car, the debtor's daughter decided that she did not like the vehicle and she stopped making any payments on the

1

car. After a few months, an arrearage of approximately $1,200 accumulated on the car as a result of the daughter's missed car payments. Eventually, the debtor was able to retrieve the car from the daughter after a period of time when the daughter hid the car from the debtor. Because the debtor was faced with a $1,200 arrearage on the Sentra which she could not pay, she decided to file a chapter 13 case in an effort to keep the Sentra by paying for it through a chapter 13 plan. In the meantime, the debtor's husband's vehicle, a Tahoe truck, stopped running because of a blown engine. The debtor testified that it will require approximately $4,000 to fix the truck's engine, and her husband does not have the money to get the engine repaired. Consequently, he is now driving the Sentra to work and the debtor testified that she needs his income to contribute to the household expenses in order for her to be able to make her chapter 13 plan payments.

The debtor's plan proposes to pay for both the Nissan Altima and Nissan Sentra. The Nissan Sentra is valued at $14,247 with monthly payments of $300 to be made through the plan, and the Nissan Altima is valued at $18,067 with monthly payments of $450 to be made through the plan. The debtor's plan also proposes to pay the unsecured portion of the secured creditors' claims, together with all other unsecured debts in the approximate amount of $4,000, in full.

Whether a plan has been proposed in good faith is to be determined by the totality of circumstances. *Hardin v. Caldwell (In re Caldwell)*, 851 F.2d 852 (6th Cir. 1988). As the Sixth Circuit Court of Appeals has stated:

> Good faith is an amorphous notion, largely defined by factual
> inquiry. In a good faith analysis, the infinite variety of factors
> facing any particular debtor must be weighed carefully. We cannot
> here promulgate any precise formulae or measurements to be
> deployed in a mechanical good faith equation. The bankruptcy
> court must ultimately determine whether the debtor's plan, given.

2

> his or her individual circumstances, satisfies the purposes undergirding Chapter 13: a sincerely-intended repayment of pre-petition debt consistent with the debtor's available resources. The decision should be left simply to the bankruptcy court's common sense and judgment.

*Id.* at 858-59. The debtor testified that at the time she bought her Nissan Altima and cosigned her daughter's note to obtain the Nissan Sentra, she had no intention of filing a bankruptcy case. She further testified that the only reason she filed her chapter 13 case was to address the arrearage problem that had arisen because of the daughter's missed payments on the Sentra. The debtor did not have the money to pay the arrearage, and she wanted to pay for the car through a chapter 13 case to avoid a possible deficiency of $9,000 to $10,000 that might result if the Sentra was repossessed because of a default in payments.

Considering the totality of circumstances, it appears that the debtor's chapter 13 plan satisfies the primary purpose of chapter 13, namely, a sincerely-intended repayment of pre-petition debt consistent with the debtor's available resources. The circumstances do not suggest that the debtor planned to obtain two late model vehicles and then file a chapter 13 case to "cram down" the value of the vehicles. Rather, it appears that the chapter 13 case became an option for the debtor only after her daughter unexpectedly decided not to make her car payments.

Accordingly, the court will overrule the objection to confirmation by Capital One and confirm the debtor's plan. An order will enter.

JOHN C. COOK
United States Bankruptcy Judge

3